United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| ROBERT JAMES MAGNUSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 6:26-CV-00043 |
| | § | |
| DEWITT COUNTY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

In the wake of the undersigned's memorandum recommending dismissal of his case, Plaintiff Robert James Magnuson, proceeding *pro se* and *in forma pauperis*, has moved for leave to amend his complaint. (Doc. Nos. 13, 14.) For the reasons discussed below, the district court should DENY Plaintiff's leave to amend.[1]

***A. Proceedings.***

Plaintiff, a Texas state prisoner, brought this suit *pro se* and *in forma pauperis*. (Doc. No. 1.) His case was subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A. Upon screening, the undersigned recommended dismissal of Plaintiff's case as frivolous or for failure to state a claim upon which relief may be granted. (Doc. No. 10.) That recommendation is still pending.

Meanwhile, Plaintiff has now moved to amend his complaint. (Doc. Nos. 13, 14.) He has provided a proposed amended complaint with a supporting affidavit. (Doc. Nos. 15, 15-1.)

[1] This case has been referred to the undersigned by the district court for pretrial case management, including determination of non-dispositive pretrial matters and recommendations regarding dispositive matters, pursuant to 28 U.S.C. § 636.

### *B. Background.*

#### *1. The original complaint.*

Plaintiff alleged that his civil rights were violated when a Texas state court wrongly denied him permission to represent himself in a community supervision revocation matter. *See* Doc. No. 1, pp. 2-3. The lone defendant was DeWitt County, Texas, which Plaintiff asserted was "legally responsible for all county offices including DeWitt County Courts at Law and the 24th Judicial District Court of DeWitt County, Texas." *Id.* at 2 (cleaned up).

Plaintiff alleged that he was placed on community supervision by the 24th Judicial District Court of DeWitt County. (Doc. No. 1, p. 2.) A motion to revoke his community supervision was later filed, and a warrant was issued for Plaintiff's arrest. *Id.* Plaintiff was arrested, and later made bond and was released. *Id.* Plaintiff states that he did not request counsel for his revocation hearing, but at his first court date the court appointed an attorney to represent him. *Id.* Plaintiff claimed that he immediately protested and told the judge that he did not wish to be represented by an attorney. *Id.* at 3. Plaintiff stated that he "fired" his attorney and wrote letters to the "judge, clerks, and district attorney" and filed a motion to proceed *pro se*. *Id.* Meanwhile, Plaintiff alleged, the appointed attorney filed a motion to withdraw from representation. *Id.* Despite this, Plaintiff alleged, the presiding judge denied Plaintiff's requests to represent himself. *Id.*

At the revocation hearing, he claimed, Plaintiff again told the judge that he did not want to be represented by counsel and wished to represent himself. (Doc. No. 1, p. 3.) He alleged that the court again "denied Plaintiff his right to proceed *pro se*." *Id.* Plaintiff contended that he was forced to proceed with his appointed attorney, and that he was ultimately sentenced to ten years' imprisonment. *Id.*

Plaintiff alleged that he appealed his revocation and sentence and argued that his constitutional right to defend himself *pro se* had been violated. (Doc. No. 1, p. 3.) This appeal was successful: the state appellate court found that Plaintiff had been wrongly denied the right to represent himself, and reversed and remanded the case to the trial court. *Magnuson v. State*, No. 13-25-00606-CR, 2026 WL 1597565 (Tex. Ct. App. – Corpus Christi-Edinburg June 4, 2026).

In this suit, Plaintiff claimed that DeWitt County violated his Sixth and Fourteenth Amendment rights by denying Plaintiff the right to proceed *pro se*. He contended that this denial caused him "pain suffering and emotional distress." (Doc. No. 1, p. 4.) As relief, he sought

- A declaration that the denial of self-representation violated Plaintiff's constitutional rights;
- $100,000 in compensatory damages;
- Nominal damages;
- $1 million in punitive damages; and
- His costs in bringing this lawsuit.

(Doc. No. 1, p. 5.)

***2. The dismissal recommendation.***

In recommending dismissal, the undersigned noted that Plaintiff had listed DeWitt County as the only defendant, and had alleged that the county was "legally responsible for all county offices including DeWitt County Courts at Law and the 24th Judicial District Court of DeWitt County, Texas." (Doc. No. 1, p. 2.) The undersigned observed that 24th Judicial District Court, however, is not part of DeWitt County but instead is a creature of the Texas Legislature. DeWitt County therefore is not the correct defendant. (Doc. No. 10, pp. 5-6.) Even if DeWitt County were the correct defendant, dismissal would still have been appropriate because Plaintiff

failed to plead a viable municipal liability claim: he failed to plausibly allege the existence of any policy or custom that was the moving force behind any violation of his rights. *Id.* at 6-7. The undersigned also recommended denial of leave to amend, concluding that amendment would be futile: he had failed to plead the existence of any policy or custom, and any individual judges would likely be immune from suit. *Id.* at 7-9.

***3. The proposed amended complaint.***

In his proposed amended complaint, Plaintiff seeks to sue only the State of Texas. As he did in his original complaint against DeWitt County, he alleges that the State is "[legally] responsible for the 24th Judicial District and the judges and clerks who work therein." (Doc. No. 15, p. 2 ¶ 4.) Plaintiff then recounts the facts of the case; this recap is identical to the original complaint in all relevant respects. *Id.* at 2-4 ¶¶ 5-11.

Plaintiff now claims that the State of Texas violated his Sixth and Fourteenth Amendment rights. He asserts:

> Defendant does have a policy of denying criminal defendants in the 24th Judicial District of their right to represent themselves. Three judges and the clerks of the 24th Judicial District over a span of five years on multiple occasions referenced in the affidavit supporting the complaint did discriminate against Plaintiff and deny him of his rights protected by the Constitution of the United States.

(Doc. No. 15, pp. 4-5 ¶ 12) (cleaned up). Plaintiff seeks the same relief as in his original complaint.

Plaintiff has attached a supporting affidavit to his proposed amended complaint. In it, he recounts instances in which he believes judges of the 24th Judicial District Court violated his rights. He first alleges that he was arrested in 2021 and was held without indictment for more than 90 days; he was finally indicted, he says, by an indictment "with a forged date of the meeting of the grand jury." (Doc. No. 15-1, p. 2.) He states that he then submitted numerous

motions in his case but that the presiding judge refused to rule on them. *Id.* After six months, Plaintiff claims, the presiding judge "begrudgingly granted my motion to proceed *pro se*." *Id.* (cleaned up). The judge allegedly admonished Plaintiff not to proceed *pro se* and was angry and rude and "told [Plaintiff] it was disrespectful to his court to [proceed] *pro se*." *Id.*

Plaintiff contends that he was denied any access to the law library during the first six months of his incarceration (which, he says, started in 2021). (Doc. No. 15-1, p. 2.) He claims that about a month after he was arrested a jail lieutenant brought him a form to request a court-appointed attorney and that "the court" had told him that Plaintiff could not have access to the law library unless he signed the form. *Id.* at 3. Plaintiff says that he refused to sign the form because it would have prevented him from having access to the law library. *Id.* At a subsequent court hearing, Plaintiff contends, he told the judge that the jail had no library; the judge then told the prosecutor to find a way for Plaintiff to have access. *Id.* Plaintiff asserts that he was subsequently given access to law library materials, but that it was difficult for him to access the materials because his hands were chained to his waist when doing so. *Id.* at 3-4.

Plaintiff alleges that "after about 7 months" he was able to confer with the prosecutor and secure a plea deal offer. The judge, however, rejected the plea bargain and allegedly "said that he would reject any deal brought to him because [Plaintiff] had disrespected his court by representing [himself]." (Doc. No. 15-1, p. 4.) Plaintiff contends that the prosecutor later came to the jail and told him that the judge would soon be retiring and that when the new judge took the bench the prosecutor would seek a more favorable deal for Plaintiff. *Id.* at 4-5. Plaintiff was indeed sentenced to probation. *Id.* at 5.

In 2025, Plaintiff says, a motion to revoke Plaintiff's probation was filed; Plaintiff was arrested and a bond of $6,000 was set. (Doc. No. 15-1, p. 5.) Plaintiff states that he posted the

bond and was released, but that he was wrongly counted as being absent from his court date despite having been counted as "present" by the judge. *Id.* An attorney had been appointed to represent Plaintiff, but the attorney allegedly never came to court. *Id.*

Plaintiff concludes:

> The rest of the instances my constitutional rights [were] violated are listed in the complaint. 3 judges and the Clerks of the 24th Judicial District, and DeWitt County, all conspired and worked in concert to discriminate against me and deprive me of my constitutional rights and subject me to cruel and unusual punishment. Most of these acts are documented and on the record. And through the discovery process I can prove all my claims are true. Further I am not the only person the 24th Judicial District, DeWitt County, and DeWitt County Sheriffs have discriminated against. While incarcerated I met many people who had issues with their indictments and many other discriminations.

(Doc. No. 15-1, p. 6.)

***C. Legal standard for assessing proposed amendments to complaints.***

Federal Rule of Civil Procedure 15(a)(2) directs trial courts to freely grant leave to amend when justice so requires, and "the language of the rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Gp., LP*, 427 F.3d 987, 994 (5th Cir. 2005). Even so, district courts possess discretion to grant or deny such motions, and a court does not abuse that discretion if it denies a motion for leave to amend for a substantial reason. *See Thompson v. Tex. Dep't of Crim. Just.*, 67 F.4th 275, 283 (5th Cir. 2023). "[L]eave to amend is never automatic." *Regalado v. Hidalgo Cnty.*, Civ. No. 7:23-290, 2024 WL 2305262, at *18 (S.D. Tex. Apr. 25, 2024) (Alanis, M.J.), *adopted*, 2024 WL 2304268 (S.D. Tex. May 21, 2024) (citing *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979)).

In determining whether to grant leave to amend, courts consider factors including "(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) prejudice to the opposing party; and

(6) futility of amendment." *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 268 (5th Cir. 2005). The presence of even one of these factors is enough to justify denial of leave to amend, but if none of them are present, the court should grant leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003); *Jack v. Evonik Corp.*, 79 F.4th 547, 565 (5th Cir. 2023) (quoting *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015)).

A proposed amendment is futile if, among other things, it would be subject to dismissal on the basis of immunity from suit. *See Edmiston v. La. Small Bus. Dev. Ctr.*, 931 F.3d 403, 408 (5th Cir. 2019) (denying leave to amend where defendants were immune from suit).

***D. Amendment would be futile.***

The only defendant named in Plaintiff's proposed amended complaint is the State of Texas. Under the Eleventh Amendment to the United States Constitution, federal courts are without jurisdiction over suits against a state unless that state has waived its sovereign immunity or Congress has clearly abrogated that sovereign immunity. *See Escobar v. State*, No. 1:26-CV-321, 2026 WL 1745396, at *3 (W.D. Tex. May 13, 2026) (citing *Moore v. La. Bd. of Elementary and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014)). The State of Texas has not waived its sovereign immunity to suit, and there is no indication that Congress has abrogated that sovereign immunity. Indeed, *Monell*[2] municipal liability is limited to local government units which are not considered to be parts of the State for Eleventh Amendment purposes; the *Monell* doctrine does not apply to States or to governmental entities that are considered arms of the State for Eleventh Amendment purposes. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) (citing

[2] *See Monell v. Dep't of Social Servs. of City of N.Y.*, 436 U.S. 658 (1978).

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Plaintiff's claim for damages, as well as the retrospective declaratory relief he seeks,[3] would therefore be subject to immediate dismissal.

Additionally, 42 U.S.C. § 1983 limits recovery to claims against "persons." A state is not a "person" for purposes of § 1983. *See Will*, 491 U.S. at 66; *Edelman v. Jordan*, 415 U.S. 651, 653 (1974). The State of Texas, therefore, is not a cognizable *Monell* defendant, and any attempt to sue it on a theory of municipal liability would be subject to immediate dismissal for that reason as well.

***E. Conclusion.***

The district court should DENY Plaintiff's motions for leave to amend his complaint (Doc. Nos. 13, 14) because amendment would be futile. The district court should DISMISS Plaintiff's lawsuit and impose a "strike" as previously recommended.

***F. Notice.***

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within 14 days after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), and General Order No. 2002-13, United States District Court for the Southern District of Texas. A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-

---

[3] Plaintiff seeks a declaration that the denial of self-representation violated Plaintiff's constitutional rights. *See* Doc. No. 15, p. 5 ¶ 13.

to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on August 3, 2026.



MITCHEL NEUROCK
United States Magistrate Judge